IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KIMBERLY M. DIXON, | : | Case No. 3:13-cv-86 |
| Plaintiff, | | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

When *pro se* Plaintiff did not file her Statement of Errors within the 60-day period referenced in Sixth Amended Magistrate Judges' General Order No. 11 (eff. Sept. 1, 2011), the Court, acting *sua sponte*, afforded Plaintiff an additional fourteen days in which to do so. *See* doc. 7 (Order to Show Cause). Plaintiff was then notified, in writing, that her failure to file a Statement of Errors on or before August 29, 2013 would be cause for the Court to dismiss this Social Security appeal on lack-of-prosecution grounds and also on account of her failure to comply with General Order No. 11. *See id.* Receiving no response of any kind from Plaintiff, the Court, acting *sua sponte*, then granted Plaintiff an additional seven days -- until September 6, 2013 -- to comply with the terms of the Order to Show Cause. *See* doc. 8 (Second Order to Show Cause).

Plaintiff was provided a copy of the Order to Show Cause, Second Order to Show Cause, and General Order No. 11 via certified mail.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The September 6th date set forth in the Second Order to Show Cause having passed, and no response of any kind having been received from Plaintiff, the Court **RECOMMENDS,** pursuant to the pending Order to Show Cause, that this case be **DISMISSED** on account of *pro se* Plaintiff's failure to prosecute and in light of her failure to comply with General Order No. 11.

September 25, 2013                                            s/ **Michael J. Newman**
                                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981).